Clayeo C. Arnold, SBN 65070
JOSHUA H. WATSON, SBN 238058
CLAYEO C. ARNOLD, PC
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com

Attorneys for Plaintiff
*Steven D. Harding*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. HARDING,<br><br>  Plaintiff,<br><br>vs.<br><br>TKO MEDICAL CORPORATION<br><br>  Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>1. RETALIATION FOR RESISTING FALSE CLAIMS<br>31 USC § 3730(h)<br><br>2. RETALIATION FOR RESISTING UNLAWFUL CONDUCT<br>Cal. Labor Code § 1102.5<br><br>3. CALIFORNIA PAGA CLAIM RE CAL. LABOR CODE § 1102.5 CLAIM<br><br>4. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>***JURY TRIAL DEMANDED*** |

Comes now Plaintiff STEVEN D. HARDING, who alleges and complains as follows on information and belief, and who prays for relief from the court.

## SUMMARY

1. Plaintiff was employed by Defendant in sales of wheelchairs and related products/work. Customers were frequently recipients of federal programs such as Medicare and Medicaid/Medi-Cal. Defendant received payment for the subject goods and services from federal and state programs. A material condition of such payment was that the goods were new and otherwise in excellent/new condition. Defendant had a practice of attempting to provide and actually providing customers with used and/or inadequately refurbished goods and inferior services. Many of the customers were seniors. In one startling example, Defendant provided a senior with a used wheelchair cobbled together using parts from different used chairs. This resulted in a wheelchair that had red, white, and blue parts. When the senior, who had some cognitive limitations, asked about the appearance, Defendant told her words to the effect that it was an all-American/patriotic version. In fact, it was a substandard assembly materially out of compliance with the terms necessary for Defendant to receive payment from the public programs it billed for the chair. Plaintiff objected to such practices, and refused to participate in them. Defendant terminated Plaintiff's employment in retaliation for his resistance to and refusal to participate with the unlawful conduct.

2. Plaintiff brings claims for retaliation under federal and state statutes protecting persons who resist such unlawful practices. Plaintiff also brings a representative state law claim for penalties due to the State of California, and a state law wrongful termination claim. All claims arise from the same set of circumstances.

## PARTIES

3. Plaintiff STEVEN D. HARDING (hereafter "PLAINTIFF" or "Plaintiff") is an adult individual residing in California. PLAINTIFF was at all relevant times employed by Defendant TKO MEDICAL CORPORATION in California. Plaintiff's primary work location was in Nevada County, California.

4. Defendant TKO MEDICAL CORPORATION (hereafter "DEFENDANT" or "Defendant") is a private business and employer with its principal place of business in Fresno, California. Defendant is organized as a California Corporation.

**JURISDICTION, VENUE. ADMINISTRATIVE REMEDIES, & TOLLING**

5. The Court has federal question subject matter jurisdiction over this dispute because Plaintiff alleges retaliation in violation of 31 USC § 3730 (h).

6. The Court has supplemental subject matter jurisdiction over this dispute because the allegations of the state law claims substantially overlap and are intertwined with the same series of events, transactions, and course of employment at issue in the federal claims. 28 U.S. Code § 1367.

7. The acts and omissions at issue in this pleading occurred within Nevada County, California and Fresno, California.

8. DEFENDANT'S headquarters are located in Fresno, California.

9. As to the state law PAGA claim, PLAINTIFF exhausted all applicable administrative remedies by timely filing an administrative claim with the California Labor and Workforce Development Agency ("LWDA"), and serving that administrative claim on Defendant via certified mail. This lawsuit is filed within one year of Plaintiff's termination of employment alleged herein, subject to tolling of 65 days for the LWDA administrative process.

**GENERAL FACTUAL ALLEGATIONS**

*Particulars of Employment*

10. PLAINTIFF was at all relevant times employed by DEFENDANT.

11. PLAINTIFF'S work duties for DEFENDANT included sales of wheelchairs and other products, along with ancillary related tasks.

12. DEFENDANT received payments from Medicare and/or Medicare-related entities for wheelchairs and medical equipment DEFENDANT sold to customers.

13. DEFENDANT received payments from Medicaid/Medi-Cal and/or related entities for wheelchairs and medical equipment DEFENDANT sold to customers.

14. DEFENDANT at times received share of cost payments from customers with Medicare or Medi-Cal/Medicaid benefits for wheelchairs and medical equipment DEFENDANT sold to customers.

15. As a material condition of receipt of payment from Medicare (or related entities) for wheelchairs and medical equipment Defendant sold to customers, Defendant was obligated to furnish the customers with new products.

16. As a material condition of receipt of payment from Medicare (or related entities) for wheelchairs and medical equipment Defendant sold to customers, Defendant was obligated to furnish the customers with new products.

17. Plaintiff had a good faith belief that: As a material condition of receipt of payment from Medicare (or related entities) for wheelchairs and medical equipment Defendant sold to customers, Defendant was obligated to furnish the customers with new products.

18. Plaintiff had a good faith belief that: As a material condition of receipt of payment from Medicare (or related entities) for wheelchairs and medical equipment Defendant sold to customers, Defendant was obligated to furnish the customers with new products.

19. Plaintiff expressly communicated to Defendant that: As a material condition of receipt of payment from Medicare (or related entities) for wheelchairs and medical equipment Defendant sold to customers, Defendant was obligated to furnish the customers with new products.

20. Plaintiff expressly communicated to Defendant that: As a material condition of receipt of payment from Medicare (or related entities) for wheelchairs and medical equipment Defendant sold to customers, Defendant was obligated to furnish the customers with new products.

21. Defendant at times failed to provide new wheelchairs or medical equipment to customers but nonetheless charged Medicare (or related entities).

22. Defendant at times failed to provide new wheelchairs or medical equipment to customers but nonetheless charged Medi-Cal/Medicaid (or related entities).

23. Plaintiff expressly objected to Defendant that: Defendant at times failed to provide new

wheelchairs or medical equipment to customers but nonetheless charged Medicare (or related entities).

24. Plaintiff expressly objected to Defendant that: Defendant at times failed to provide new wheelchairs or medical equipment to customers but nonetheless charged Medi-Cal/Medicaid (or related entities).

25. Plaintiff expressly told Defendant that its practices related to sales, furnishing, servicing, billing, and receipt of payments for its wheelchairs, medical products, and services were improper, unfair, unlawful, and in violation of standards applicable to sales of such to recipients of Medicare, Medi-Cal/Medicaid recipients.

26. Plaintiff expressly told Defendant he would not go along with or tolerate Defendants improper practices related to sales, furnishing, servicing, billing, and receipt of payments for its wheelchairs, medical products, and services.

27. Plaintiff made such statements as alleged above to persons within the Defendant's operations with authority over Plaintiff, and to persons with the authority to investigate, discover, or correct the identified violations or noncompliance

28. Defendant was concerned that Plaintiff would report its improper conduct to Medicare, Medi-Cal, or another governmental agency, and that it would thereafter be found liable for misconduct if an investigation resulted.

29. Defendant admonished and mistreated Plaintiff. Plaintiff's above protected activities were a substantial motivation for Defendant's conduct.

30. Defendant terminated Plaintiff's employment. Plaintiff's above protected activities were a substantial motivation for Defendant's conduct.

31. Plaintiff suffered harm and damages due to Defendant's above-alleged admonishment, mistreatment, and termination.

//
//
//
//

# FIRST COUNT

## RETALIATION FOR RESISTING FALSE CLAIMS

## 31 USC § 3730(h)

## (BY PLAINTIFF AGAINST DEFENDANT)

32. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.

33. PLAINTIFF was discharged, threatened, harassed, and mistreated by DEFENDANT because he made efforts to stop one or more violations of the 31 U.S. Code Subchapter III [Claims Against The United States Government], including 31 USC § 3729 [False Claims], which forbids knowingly presenting a false or fraudulent claim for payment or approval, knowingly making, using, or causing to be made or used a false record or statement material to a false or fraudulent claim, and conspiracy for the same.

34. As a direct and proximate result, PLAINTIFF suffered harm and attendant damages, including but not limited to loss of income (back pay, front pay), frustration, offense, and distress.

35. PLAINTIFF is entitled to relief pursuant to statute including: reinstatement with the same seniority status that Plaintiff would have had but for the discrimination, two times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees.

# SECOND COUNT

## VIOLATION OF CALIFORNIA LABOR CODE § 1102.5

## (Cal. Civil Jury Instruction No. 4603)

## (BY PLAINTIFF and AGAINST DEFENDANT)

36. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.

37. DEFENDANT was at all times PLAINTIFF'S employer.

38. PLAINTIFF disclosed the unlawful conduct as alleged herein to an agent or employee of

DEFENDANT, and that agent/employee had the authority to investigate, discover, or correct such violations and noncompliance.

39. DEFENDANT believed PLAINTIFF had disclosed or might disclose the unlawful conduct as alleged herein to additional agents/employees of DEFENDANT with the authority to investigate, discover, or correct such violations and noncompliance.

40. DEFENDANT believed PLAINTIFF had disclosed or might disclose the unlawful conduct as alleged herein to a government or law enforcement agency, including but not limited to Medicare, Medi-Cal/Medicaid, or related enforcement/compliance agencies.

41. PLAINTIFF refused to participate in DEFENDANT'S ongoing unlawful conduct as alleged herein, including but not limited to the practice of selling used or otherwise noncompliant wheelchairs to Medicare/Medi-Cal/Medicaid beneficiaries while billing those public entities or related parties and the beneficiaries themselves as to their share of cost.

42. PLAINTIFF has reasonable cause to believe that his communications concerning the conduct he objected to disclosed a violation of state and federal statutes and related regulations, including those requiring that DEFENDANT'S customers receive new and high-quality goods and services in connection with their public benefits.

43. PLAINTIFF'S conduct, if he knowingly participated with DEFENDANT'S practices alleged herein after his objections would have resulted in a violation of state and federal statutes and related regulations, including those requiring that DEFENDANT'S customers receive new and high-quality goods and services in connection with their public benefits.

44. DEFENDANT discharged PLAINTIFF.

45. PLAINTIFF'S disclosures alleged herein were a contributing factor in DEFENDANT'S decision to discharge PLAINTIFF.

46. DEFENDANT'S concern that PLAINTIFF would make further disclosures as alleged herein was a contributing factor in DEFENDANT'S decision to discharge PLAINTIFF.

47. PLAINTIFF'S refusal to participate in DEFENDANT'S unlawful practices alleged

herein was a contributing factor in DEFENDANT'S decision to discharge PLAINTIFF.

48. DEFENDANT'S conduct as alleged herein was a substantial factor in causing PLAINTIFF harm, including economic and non-economic damages.

## THIRD COUNT

## PAGA VIOLATION (CAL. LABOR CODE § 2699)

## VIA CALIFORNIA LABOR CODE § 1102.5

## (BY PLAINTIFF and AGAINST DEFENDANT)

49. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.

50. Plaintiff timely filed and served a Private Attorney General Act ("PAGA") administrative claim pursuant to Cal. Labor Code § 2699 with the California Labor and Workforce Development Agency, and served that administrative claim on Defendant via certified mail, return receipt requested.

51. The above administrative claim was filed within one year of Plaintiff's termination of employment with Defendant on or about March 3, 2021.

52. This civil complaint is filed within one year and 65 days of Plaintiff's termination of employment with Defendant.

53. The above administrative claim alleges Defendant violated Cal. Labor Code § 1102.5 as alleged in the Second Count of this Complaint.

54. In keeping with PAGA, Defendant is liable to the State of California for a penalty of at least $10,000 for violation of §1102.5, with 75% of that penalty to be paid to the State and 25% of that penalty to be paid to Plaintiff.

55. In keeping with PAGA, Defendant is liable the reasonable attorney fees and costs of litigation.

56. In keeping with PAGA, any settlement of this Count requires approval of the Court.

//

//

//

# FOURTH COUNT

# WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

# CACI 2403

# (BY PLAINTIFF and AGAINST DEFENDANT)

57. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.

58. DEFENDANT discharged PLAINTIFF from its employ as alleged herein, and such discharge was substantially motivated by PLAINTIFF'S actions protected by Cal. Labor Code § 1102.5 and 31 USC § 3730 (h) as alleged herein.

59. This termination violated important public policies reflected in the U.S. and California statutes, as pled herein.

60. As a direct and proximate result, PLAINTIFF suffered injury and attendant damages.

61. Plaintiff seeks compensatory damages (including noneconomic and economic damages), and costs of litigation.

# PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

1. As to Count 1: Reinstatement with the same seniority status that Plaintiff would have had but for the discrimination, two times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination.
2. As to Counts 2 and 4: For compensatory damages including non-economic and economic damages as pled herein.
3. As to Count 3: Penalties pursuant to statute as pled herein.
4. As to Counts 1 and 3: For attorney's fees as pled herein.
5. For costs of litigation as to all counts, including expert costs where permitted by law.
6. For pre-judgment and post-judgment interest as provided by law;
7. For such other and further relief as this court deems just and proper so as to provide all available remedies available at law or equity to the benefit of PLAINTIFF.

For the purposes of default judgment and due process, and subject to revision upwards or downwards according to proof, PLAINTIFF makes a specific demand per the Federal Rules of Civil Procedure.  PLAINTIFF demands $ 400,000 plus attorney's fees and costs.

Respectfully submitted,

Date: May 5, 2022                                   CLAYEO C. ARNOLD, APLC

                                                  By: /s/ Joshua H. Watson
                                                          Joshua H. Watson
                                                          Attorneys for Plaintiff

## DEMAND FOR JURY

Plaintiff demands jury trial for all counts and issues subject to trial by jury.

Date: May 5, 2022                                   CLAYEO C. ARNOLD, APLC

                                                  By: /s/ Joshua H. Watson
                                                          Joshua H. Watson
                                                          Attorneys for Plaintiff